IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT PETERSON, Individually and
as Trustee for the R. C. HILL TRUST,

    Plaintiff,

v.

LINFIELD COLLEGE,
an Oregon non-profit corporation,

    Defendant.

Civil No. 01-1059-FR

OPINION AND ORDER

David B. Gray
Swensen & Gray
610 S.W. Alder Street, Suite 1010
Portland, Oregon 97205

    Attorneys for Plaintiff

Gary A. Rueter
Haugeberg, Rueter, Gowell, Fredricks & Higgins, P.C.
620 East Fifth Street
P. O. Box 480
McMinnville, Oregon 97128

    Attorneys for Defendant

FRYE, Judge:

    The matter before the court is the plaintiff's motion to strike defenses from answer (#17).

PAGE 1 - OPINION AND ORDER

## ALLEGATIONS OF THE PLEADINGS

The plaintiff, Scott Peterson, is an individual with his residence in the State of New York. The plaintiff is a trustee of the R. C. Hill Trust and a direct descendant and heir of R. C. Hill.

In the late 1880's, R. C. Hill acquired four or more scholarships to attend the predecessor to Linfield College. Four certificates were issued numbered 33, 34, 35 and 36. Each of the four certificates states that it entitles "R. C. Hill, his heirs or assigns to send to the said McMinnville College one scholar forever, who shall have all the privileges and benefits set forth in the foregoing scholarship specifications of said College." Exhibit 1 to the Complaint.

R. C. Hill died in 1890, and his estate was probated in Linn County, Oregon. In 1929, with the approval of the Linn County Probate Court, the beneficiaries of R. C. Hill transferred all of their interests in the certificates to a trust to administer the certificates.

R. C. Hill and his heirs sent various family members and friends to Linfield College utilizing the certificates in lieu of tuition. At some point, Linfield College limited the value it would allow to be credited for each certificate. The most recent value allowed by Linfield College is a $500 credit that was granted to a student in 1998. Linfield College refuses to honor each of the certificates for the full value of tuition for each student designated by the trustee. Tuition at Linfield College is approximately $20,000 per year per student, making four certificates worth approximately $80,000 per year.

The plaintiff alleges three claims for relief. The first claim for relief, entitled "Declaratory Judgment," alleges that the court should grant a judgment to the plaintiff declaring that the trust is fully empowered to exercise the certificates, and that defendant Linfield College must grant full tuition credit to each and every student so designated by the trustee.

///

PAGE 2 - OPINION AND ORDER

The second claim for relief, entitled "Equitable Relief," was dismissed by the court in a prior order filed on November 6, 2001.

The third claim for relief, entitled "Breach of Agreement," alleges, in part, that the "[d]efendant has failed and refused to honor the certificates for their appropriate value currently and for at least the last six years, thereby depriving the trust of the ability to offer scholarships." Id.

The plaintiff prays the court for a judgment "[d]eclaring that the R. C. Hill Trust is empowered to exercise the certificates, and that defendant Linfield College must grant full tuition credit to each and every student so designated by the trustee," as well as certain other equitable relief and monetary relief. Id. at 6.

The defendant's second affirmative defense states that "[t]he 'R.C. Hill Trust' is invalid and void because it violates the Rule Against Perpetuities." Answer, Affirmative Defenses and Counterclaims of Defendant Linfield College, p. 3. The defendant's third affirmative defense states that, "[w]ithout waiver of the matters alleged in its Second Affirmative Defense above, the 'R.C. Hill Trust' does not have title to the Scholarship Certificates or the right to direct their use because the ownership interest of Ella V. Ruegg (Kittridge), one of the direct descendants of R.C. Hill, and the devisee of a one-seventh interest in said Scholarship Certificates under the Will of R.C. Hill, was not transferred into the purported 'R.C. Hill Trust.'" Id.

**CONTENTIONS OF THE PARTIES**

The plaintiff moves the court to strike the second and third affirmative defenses in the defendant's answer on the grounds that they are insufficient or immaterial. The plaintiff contends that defendant Linfield College has no capacity to attack the validity of the R.C. Hill Trust because Linfield College it is not an heir, beneficiary, transferree or creditor of the trust.

The defendant contends that it has the right to challenge and to defend against the

PAGE 3 - OPINION AND ORDER

allegation by the plaintiff that "[t]he R. C. Hill Trust is the proper owner and holder of the certificates." Complaint, p. 4, ¶ 14.

## APPLICABLE LAW

Rule 12(f) of the Federal Rules of Civil Procedure provides, in relevant part, that "[u]pon motion . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

## RULING OF THE COURT

The plaintiff prays the court for a judgment "[d]eclaring that the R. C. Hill Trust is empowered to exercise the certificates, and that defendant Linfield College must grant full tuition credit to each and every student so designated by the trustee," as well as certain other equitable relief and monetary relief. Complaint, p. 6. The court cannot conclude at this stage in the proceedings that ownership of the certificates is entirely immaterial to the resolution of the issues presented in the complaint. The court declines to strike the second and third affirmative defenses at this stage in the proceedings.

IT IS HEREBY ORDERED that the plaintiff's motion to strike defenses from answer (#17) is DENIED.

DATED this 4 day of February, 2002.

_____
HELEN J. FRYE
United States District Judge